**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided March 9, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2043

| | |
|---|---|
| JOHANNES T. MARTIN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 6998 |
| WENDY'S INTERNATIONAL, INC.,<br>and GUINNESS WORLD RECORDS<br>LIMITED,<br>    *Defendants-Appellees*. | Jorge L. Alonso,<br>*Judge*. |

**O R D E R**

Guinness World Records lists Johannes "Ted" Martin as the record holder for consecutive kicks of a footbag (commonly associated with the Hacky Sack brand). Martin's record of 63,326 consecutive kicks has stood since 1997. He brings this lawsuit under the Lanham Act, 15 U.S.C. §§ 1051-1141n, and the Illinois Right of Publicity Act, 765 ILCS 1075/1–1075/60, against fast-food giant Wendy's International and Guinness.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

He alleges that, by urging families to play together and challenge world records like Martin's, the defendants unlawfully exploited him and lied about his footbag. Because the district court correctly reasoned that Martin did not state a valid claim that the defendants violated either law, we affirm the dismissal of the complaint.

We review de novo the dismissal of the complaint and accept as true all of its well-pleaded facts. *See Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). From August to September 2013, Wendy's and Guinness ran a promotion for Wendy's Kids' Meals. Each kids' meal, Guinness's website explained, "will come with one of six Guinness World Records record-breaking toys" that "provides fun challenges and a chance for parents and kids to outdo each other for the title of family's best." One of the toys was a footbag, and the website said that "it's only a matter of time before the record of 946 people playing in a circle at once gets taken down." Each kids' meal also included a link to a free Guinness World Records eBook, which provided "an exclusive guide to records" for families to use.

The promotion also appeared in print in several places. The words "Guinness World Records" were printed on the footbag and the sealed plastic packaging around the toy. An in-store display showed the footbag, alongside the five other toys, under the heading "Kids v. Parents" and the logos for Wendy's and Guinness. The text on the kids' meal bag also referred to the six toys as "record-breaking." Finally, an instructional card accompanied the footbag. One side had the words "Guinness World Records" and the Wendy's Kids' Meal logo and asked "Can You Break The Record?" The other side, labeled "Instructions," included this challenge: "How many times in a row can you kick this footbag without it hitting the ground? Back in 1997, Ted Martin made his world record of 63,326 kicks in a little less than nine hours!" The instructions then described methods for keeping the footbag from hitting the ground and concluded by asking "[w]hat kind of family record can you set?"

Martin asserts federal and state-law claims. First he appears to allege that the defendants violated the Lanham Act in two ways. Their use of his name on the instructional card, he contends, likely confused the public into thinking that he had endorsed the footbag. And, Martin insists, Wendy's and Guinness falsely advertised by calling the footbag in the kids' meals "record-breaking"—he contends the phrase incorrectly suggests that the toy is the same kind of footbag that Martin used to set his record. These violations, Martin concludes, injured him by impeding his ability to manufacture his own footbag. He also alleges that Wendy's and Guinness used his

identity for commercial purposes without his written consent, in violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1–1075/60.

The district judge dismissed the case for failure to state a claim. He first considered the two Lanham Act theories. The false-endorsement claim failed, the judge explained, because Martin had not plausibly alleged consumer confusion. And the judge decided that Martin's false-advertising claim failed because the phrase "record-breaking" was non-actionable puffery. The state-law claim failed, the judge reasoned, because the defendants may truthfully identify Martin as the "performer" in a particular performance. *See* 765 ILCS 1075/35(b)(3).

We address the false-endorsement claim under the Lanham Act first. That Act provides a civil remedy if false or misleading factual representations are likely to confuse or deceive an ordinary consumer about the plaintiff's "affiliation, connection, or association" with the defendant "or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A); *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014); *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509, 522 (7th Cir. 2014); *Parks v. LaFace Records*, 329 F.3d 437, 445–46 (6th Cir. 2003); *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th Cir. 1996). Martin contends that he adequately alleged that the defendants likely confused consumers into thinking that he endorses their footbags because they printed "Guinness World Records" on the footbags and put his name and record on the instructional cards.

No reasonable consumer would think that Martin endorsed the footbags. The appearance of "Guinness World Records" on the footbag might prompt a reasonable consumer to conclude that *Guinness*—not Martin—is associated with the footbag. Martin's name on the instruction card simply identifies him as the holder of a record, not the endorser of any product. (The rest of the card offers techniques for keeping the footbag from hitting the ground and then describes how to play a footbag game.) Because Martin cannot advance a plausible allegation that ordinary consumers would be confused, his false-endorsement claim fails. *See* 15 U.S.C. § 1125(a)(1)(A).

The Lanham Act also allows a plaintiff to recover if the defendant uses a term that "misrepresents the nature, characteristics, qualities, or geographic origin" of a person's "goods, services, or commercial activities" in a promotion. 15 U.S.C. § 1125(a)(1)(B); *see Lexmark*, 134 S. Ct. at 1384. Puffery—"meaningless superlatives" or statements that "no one is or could be fooled" by—is not actionable. *Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 512 (7th Cir. 2009); *see also Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159–61 (2d Cir. 2007)**.** Martin

argues that labeling the toys "record-breaking" was not puffery; rather the label deceived consumers into actually thinking that the toys were the same kind of items used to set world records. But again no reasonable consumer would believe that free toys accompanying kids' meals to encourage intra-family play were the same types of items used to set world records. The term "record-breaking," as used by the defendants, was thus the kind of "exaggerated advertising, blustering, and boasting" that is not actionable. *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998); *see also Time Warner Cable*, 497 F.3d at 160.

That leaves Martin's claim under the Illinois Right of Publicity Act. This Act does not apply to the "use of an individual's name in truthfully identifying the person as the author of a particular work or program or the performer in a particular performance." 765 ILCS 1075/35(b)(3). Martin argues that this exception does not apply because he did not perform in *the defendants'* promotion. But Martin's qualification is not in the statute. Section 105/35(b)(3) allows anyone to identify truthfully the performer of a particular performance. And that is what the defendants did. Therefore Martin's claim under this Act was properly dismissed.

AFFIRMED